UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DOUGLAS PELMEAR et al., | Case No.: 3:18-CV-1480 |
| Plaintiffs, | Hon. Jeffrey J. Helmick |
| vs. | Mag. Judge James R. Knepp II |
| CHIEF JUSTICE MAUREEN O'CONNOR et al., | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME** |
| Defendants. | |

Donald E. Theis (0021607)
THEIS LAW OFFICE, LLC
405 Madison Ave., Suite 1000
Toledo, Ohio 43604-1276
Telephone: 419-242-1400
Fax Number: 419-246-5764

Attorney for Defendants
Scott Haselman, Judge Mark Powers, Tracy Zuver, Roy E. Miller, Matthew Smithmyer, Jamie Simon, John Trejo, John Jay Hanna, Gwen Howe-Gebers, Michael Bodenbender, Connie L. Schnitkey, Heather Lumbrezer, Whitney Lavinder, Mike Mann, Alyese Stidham, Randi Wudi, Brian Banister, Jon Rufenacht, Dennis Miller, Marsha Kolb, Matthew Davis, Jon Rupp, Bill Rufenacht, Jeff Rupp, Thomas VonDeylen, Bob Hastedt, Glenn Miller, Vickie Glick, Ryan Mack, Mick Pocratsky, Gary L. Potts and Dennis Sullivan

1

The facts and situation underlying these defendants' motion for an extension of time are straightforward and undisputed.

On June 29, 2018 plaintiffs pro se Douglas Pelmear and his son Noah Pelmear ("Plaintiffs") submitted a 12 count, 30 page complaint with CD exhibits with the Court. The complaint caption lists 79 defendants. (Docket #1).

Plaintiffs are suing all individual defendants in their official and individual capacity. Plaintiffs allege all were state actors acting at all times under color of state law to deny them federally protected common law and U.S. Constitutional rights. (Docket #1, complaint at pgs. 3 & 4-5).

Along with the complaint, plaintiffs also submitted separate motions to proceed in forma pauperis. (Docket ## 2 & 3). Court ruling on these motions and the required review and scrutiny of plaintiffs' complaint per 28 U.S.C. 1915 and case law is still pending.

Despite the pendency of their motions to proceed in forma pauperis, plaintiffs have decided to unilaterally proceed to "serve" a number of defendants (but apparently not all) with a copy of their complaint and two motions they have submitted (Docket ## 4 & 5). These documents, for the most part, also came with a clearly defective summons.

Counsel, as an officer of the court, represents that true and accurate copies of five such summons are attached to this memorandum. (See Composite Ex. A). These summons do not comply with all the requirements set out in FRCP Rule 4. They lack

the signature of the Clerk and the court seal. FRCP Rule 4(a)(1)(F) and (G).

Plaintiffs' filing of their motions to proceed in forma pauperis at the outset invokes 28 U.S.C. 1915. This statute gives the Court total discretion to decide whether or not to authorize the commencement and prosecution of any case without prepayment of fees and the incurrence of other costs and expenses on plaintiffs. This statute also expressly provides that "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. 1915(d).

Before any court officer issues and serves process that initiates commencement of suit, however, 28 U.S.C. 1915(e) requires the court to first undertake a two-step review process. This two-step scrutiny is: 1) whether the allegations of poverty is true and grants a plaintiff's motion in forma pauperis; and 2) the much more significant determination of whether the complaint is <u>not</u>: a) frivolous or malicious; b) states a claim on which relief may be granted; or c) seeks monetary relief against a defendant who is immune for such relief (or to what extent, if any, a complaint survives such scrutiny). 28 U.S.C. 1915(e).

Plaintiffs' "service" efforts are not proper or effective to formally commence this action against defendants at this time so as to require defendants to take action. However, defendants are filing this motion for an extension of time as a precaution -- to avoid the briar patch of multiple default motions that could possibly ensue if this situation is not brought to the court's attention.

Defendants also want to avoid the potentially unnecessary need to retain counsel and deal with this suit pending this Court's 28 U.S.C. 1915 review of plaintiffs'

3

complaint. A court ruling that rejects and dismisses plaintiffs' complaint in its entirety certainly benefits all defendants; and even a partial rejection would also likely result in the dismissal of a good number of defendants. For instance, while a number of defendants are named in the caption, the body of the complaint contains no allegations of wrongdoing against them. Allegations in the complaint also clearly show the applicability of such defenses as immunity, statute of limitations, res judicata, to name a few.

Pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the court's review of plaintiffs' complaint involves a two-prong inquiry to determine its sufficiency as a complaint under FRCP Rule 8.

First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they contain mere legal conclusions. *Id*. Courts are to disregard these statements because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). More than simply a formulaic recitation of the elements of a cause of action is required. *Id*. Plaintiffs must plead more than labels and conclusions. *Id*.

Second, the court must consider the remaining factual allegations in the complaint to determine if they plausibly give rise to an entitlement to relief. A complaint is insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678. Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state

4

a claim. *Iqbal*, 556 U.S. at 679. The allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir., 2008); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

Under the factual situation before this court and statutory law per 28 U.S.C. 1915 and case law on the criteria when reviewing a complaint, defendants are entitled to first have the court rule on plaintiffs' motions in forma pauperis and the viability and validity of their complaint before having to respond to plaintiffs' complaint – or to what survives court scrutiny – after defendants receive such service of process from the officers of the court.

Defendants respectfully submit their motion for an extension of time that any defendant in this case after the court issues its ruling per 28 U.S.C. 1915 have 45 days after being served by court officers to respond to plaintiffs' complaint that passed court scrutiny is well taken and should be granted.

Respectfully submitted,

/s/Donald E. Theis
Donald E. Theis
Attorney for Defendants as set above

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Memorandum in Support of Motion for an Extension of Time was filed electronically on this ____ day of August, 2018. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

5

    Copies of said memorandum were also sent by regular mail to: pro se plaintiffs Douglas Pelmear P.O. Box 165, 403 Hill Ave., Napoleon, Ohio 43545; and Noah Pellmear 1304 S. Buehrer St., Archbold, Ohio 43502.

                                              /s/ Donald E. Theis
                                              Donald E. Theis

AO 440 (Rev. 06/12) Summons in a Civil Action

 COPY

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

*Douglas-Alan: Pelmear ET.AL.*
_____
Plaintiff(s)

v.  Civil Action No. 3:18 CV 1480

*Maureen O'Conner Et.al.*
_____
Defendant(s)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Fulton County Commissioners
152 S. Fulton St.
Wauseon, OH 43567

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> **Douglas-Alan: Pelmear**
> **P.O. Box 165**
> **403 Hill Street**
> **Napoleon, Ohio [43545]**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: 8-17-18

*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12) Summons in a Civil Action



# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

Douglas-Alan: Pelmear ETAL
*Plaintiff(s)*

v.

Civil Action No. 3:18CV1480

Maureen O'Conner ETAL
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Brian Banister
152 S. Fulton St.
Wauseon, OH 43567

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Douglas-Alan: Pelmear
P.O. Box 165
403 Hill Street
Napoleon, Ohio [43545]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*SANDY OPACICH, CLERK OF COURT*

Date: 8-12-18

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action



# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| Douglas-Alan: Pelmear ETAL <br> _Plaintiff(s)_ <br> v. <br> Maureen O'Conner ETAL <br> _Defendant(s)_ | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:18CV1480 |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Tracy Zuver
Fulton County Clerk of Courts
210 S. Fulton St., Rm #102
Wauseon, OH 43567

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Douglas-Alan: Pelmear
P.O. Box 165
403 Hill Street
Napoleon, Ohio [43545]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SANDY OPACICH, CLERK OF COURT

Date: 8-13-18

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action


COPY

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

)
)
)
Douglas-Alan: Pelmear ETAL )
_Plaintiff(s)_ )
v. )  Civil Action No. 3:18CV1480
)
)
Maureen O'Conner ETAL )
_Defendant(s)_ )

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Defiance-County-Board-of-Commissioners
500 Cart St., Suite A.
Defiance, OH 43512

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SANDY OPACICH, CLERK OF COURT

Date: 8-10-18

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action



## UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | ) |
|---|---|
| Douglas-Alan: Pelmear ETAL | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:18CV1480 |
| | ) |
| Maureen O'Conner ETAL | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Maumee Valley Planning Org.
1300 E. 2nd St. Ste 200
Defiance, Ohio 43512

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SANDY OPACICH, CLERK OF COURT

Date: 8-10-18

*Signature of Clerk or Deputy Clerk*